```
 1              UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

 3         HONORABLE OTIS D. WRIGHT, II, U.S. DISTRICT JUDGE

 4   UNITED STATES OF AMERICA,        )
                                      )
 5                  Plaintiff,        )
                                      )      CR 14-00241-ODW
 6        vs.                         )
                                      )
 7   YUZEF YUNOSOVICH ABRAMOV,        )
                                      )
 8                  Defendant.        )
     _____)

10

11

12

13               REPORTER'S TRANSCRIPT OF
                        SENTENCING
14             MONDAY, MARCH 14, 2016
                      11:40 A.M.
15             LOS ANGELES, CALIFORNIA

16

17

18

19

20

21

22     _____

23          DEBI READ, CSR 3949 CRR RMR RDR
             FEDERAL OFFICIAL COURT REPORTER
24            312 NORTH SPRING STREET 432A
             LOS ANGELES, CALIFORNIA 90012
25                 READIT3949@GMAIL.COM
```

A P P E A R A N C E S

**ON BEHALF OF THE PLAINTIFF, UNITED STATES OF AMERICA:**

    DAMON A. KING
    Acting Chief, Child Exploitation & Obscenity Section
    Criminal Division, U.S. Department of Justice
    BY:  MAUREEN C. CAIN
    BY:  RAVI SINHA
         Trial Attorney
    1400 New York Avenue, NW, Suite 6000
    Washington, D.C. 20005
    202-514-5780
    maureen.cain@usdoj.gov
    ravi.sinha@usdoj.gov

**ON BEHALF OF THE DEFENDANT, YUZEF YUNOSOVICH ABRAMOV:**

    LAW OFFICE OF ANTHONY M. SOLIS
    BY:  ANTHONY M. SOLIS
         Attorney at Law
    1055 West 7th Street, Suite 2140
    Los Angeles, CA 90017
    213-489-5880
    anthonysolislaw@gmail.com

    LAW OFFICES OF LEONARD B. LEVINE
    BY:  LEONARD B. LEVINE
         Attorney at Law
    1901 Avenue of the Stars, Suite 615
    Los Angeles, CA 90067-6018
    310-553-6510
    lennyslaw@earthlink.net

**ALSO PRESENT**

    ANNA SOSNOVSKAYA, CERTIFIED RUSSIAN INTERPRETER

```
 1              LOS ANGELES, CALIFORNIA; MONDAY, MARCH 14, 2016

 2                           11:40 A.M.

 3                             -o0o-

 4              (Call to Order of the Court.)

 5              THE COURTROOM DEPUTY:  Calling Item 2, CR 14-241,

 6    United States of America versus Yusef Yunosovich Abramov.

 7         Counsel, may I have your appearances, please.

 8              MS. CAIN:  Good morning, your Honor.

 9         Maureen Cain on behalf of the United States.

10              MR. SINHA:  Good morning, your Honor.

11         Ravi Sinha on behalf of the United States.

12              THE COURT:  Counsel, good morning.

13              MR. SOLIS:  Good morning, your Honor.

14         Anthony Solis and Leonard Levine on behalf of Mr. Abramov.

15    He's being assisted by the Russian interpreter.

16              THE COURT:  Good morning.  Sir, good morning.

17         All right.  We are here for your sentencing, Mr. Abramov.

18         Sir, have you seen the Presentence Investigation Report

19    prepared by U.S. Probation and disclosed to the parties on

20    January 13th of 2016?  Looks like this.

21              THE DEFENDANT:  Yes.

22              THE COURT:  All right.  That report was subsequently

23    revised and the revised report was disclosed to the parties on

24    February 2nd of 2016.  Did you see the revision, sir?

25              THE DEFENDANT:  Yes.
```

1          THE COURT:  All right.  The Court has also reviewed

2   both the original report as well as the revision, and the Court

3   has read and considered the sentencing position papers

4   submitted by the government and also on behalf of the

5   defendant.

6          On October 30th of 2015, the defendant was found guilty of

7   Counts 1 through 6 of a 6-count indictment.

8          Counts 1 through 5 charged a violation of Title 18 United

9   States Code Section 2423(c), engaging in illicit sexual conduct

10  in foreign places.  This count carries a base offense level of

11  30 pursuant to U.S. Sentencing Guidelines Section 2A3.1(a)(2).

12         To that, a 4-level enhancement is applied in that it is

13  alleged and subsequently proven that the conduct was between a

14  minor between the ages of 12 and 16, and that the sexual

15  conduct was accomplished by means of force.  This is pursuant

16  to Guidelines Section 2A3.1(b)(1).  And again, a 2-level

17  enhancement is applied if the victim was between the ages of 12

18  and 16, again 2A3.1(b)(2)(B).

19         This then results in an adjusted offense level of 36.

20         A similar analysis is applied for each of the victims, and

21  each of these computations when performing a multiple count

22  adjustment is entitled to one unit.  And as we go through each

23  of the five units of conviction -- or five claims of

24  conviction -- Count 6, of course, the Court granted a motion

25  for judgment of acquittal.  So with respect to the five

1    remaining counts, as we go through this analysis with one unit

2    per count, we end up with five units.

3         And in making the multiple-count adjustment, anywhere

4    between three-and-a-half to five units results in an additional

5    4-level enhancement, which takes us from 36 to 40.  And this is

6    pursuant to Guidelines Section 3D-, as in David, -1.4.

7         To that, an additional 5-level enhancement is applied

8    because of the pattern of activity, that is, he participated in

9    prohibited sexual conduct with a minor on at least two separate

10    occasions.

11         And at this point, this is where we're going to part

12    company because the Court is going to apply an additional

13    4-level enhancement for abduction, and this is pursuant to

14    2A3.1(b)(5).

15         This results in a final adjusted offense level of 49.

16         The defendant falls within Criminal History Category I

17    based upon zero criminal history points.  Pursuant to the

18    Sentencing Table -- well, the Table only goes to offense level

19    43.  At that point the Guidelines sentence is life.

20         All right.  I should also note that the statutory maximum

21    sentence for each of the counts is 30 years.  The minimum

22    sentence is life.  If each of the counts was to run

23    consecutively, we would have a Guidelines sentence of

24    150 years, which is still less than the Guidelines sentence of

25    life.

1        All right.  But at this point, before we get into what I

2   assume will be some disagreement from the defendant on the

3   4-level adjustment for the abduction, are we in agreement with

4   respect to the calculations so far?

5        From the government?

6            MS. CAIN:  Your Honor, the government agrees with

7   the calculation as laid out in the presentence report.  And

8   then one question that the government has for abduction, are

9   you applying the abduction for each count, or are you just

10  applying the abduction enhancement as it relates Tatyana and

11  Rihan?

12           THE COURT:  Just for those two individuals with

13  respect to the incident involving the defendant accosting these

14  girls with two of his friends and each of them taking a girl

15  and placing them in their separate cars.

16           MS. CAIN:  Okay.  Thank you, your Honor.

17       One -- maybe I misunderstood the Guidelines, but the way I

18  calculated, I calculated that out, the four points out, for the

19  two counts that relate to the orchestrated gang rape where the

20  girls were abducted into cars.

21           THE COURT:  Okay.

22           MS. CAIN:  And then I added 36 plus 4 at 40 for two

23  of those counts.  And then through my calculations, I did not

24  believe ultimately that it affected the units.  So it was my

25  understanding through the calculation that the Guidelines would

1    remain the same, even if you were to apply the abduction.

2            THE COURT:  The Guidelines do remain the same

3    because I don't want to use -- well, it is piling on, but after

4    we exceed --

5            MS. CAIN:  It stays at lifetime, though, no

6    question.

7            THE COURT:  Right.  After we get to 43, it's life.

8            MS. CAIN:  Okay.  I do agree that ultimately life is

9    life, whether you apply that abduction or not.

10           THE COURT:  Right.

11           MS. CAIN:  Okay.  Thank you, your Honor.

12           THE COURT:  Right.  However, the only reason we're

13   going through this is that in the event the Ninth Circuit, for

14   example, makes a determination that one or more of these

15   enhancements, you know, doesn't apply and sends it back with

16   instructions to recalculate it, then it's necessary that we at

17   least go through this; I guess likewise with the ultimate

18   sentence.  So I am going to -- I guess it is necessary that we

19   go through the motions.

20       And while we're on the subject, I will also be going

21   through a rather lengthy spiel with respect to terms and

22   conditions of supervised release only because in the event a

23   major part of the sentence is reversed by the circuit, I think

24   it's a necessary precaution.

25           All right.  Gentlemen?

1          MR. SOLIS:  Your Honor, I would -- I would just

2   challenge one issue in the calculation of Guidelines.

3          THE COURT:  Sure.

4          MR. SOLIS:  And that is the application -- and

5   it's -- it's -- we'll just say it repeats because of multiple

6   counts, but it starts in paragraph 37.  It's basically --

7          THE COURT:  Of what?  What are we talking about?

8          MR. SOLIS:  37 of the Presentence Investigation

9   Report.

10          THE COURT:  All right.

11          MR. SOLIS:  That's a specific offense contradiction

12   under 2A3.1(b)(1).

13          THE COURT:  Let me catch up with you.  Hang on a

14   sec.

15          MR. SOLIS:  Sure.

16          THE COURT:  Okay.

17          MR. SOLIS:  And that involves a plus-4 for the

18   application of force.

19          THE COURT:  Okay.

20          MR. SOLIS:  However, the base offense level under

21   2G1.3 is normally 24, unless force is used, and as described in

22   paragraph 35 of the PSR, it essentially says that the reason

23   that we're using the 30 is because force is applied.  So it

24   would -- it would suggest that the application of force is

25   already encompassed in the base level 30 of 2G1.3 and 2A3.1.

So if you then add plus-4 for force on top of that, it would be double counting.

THE COURT:  I -- I hear what you're saying and I think the same argument could be made with respect to the age range.  That is mentioned twice.

MR. SOLIS:  I disagree, your Honor, only because that age range is very specific and it -- there are other ages out there.  So that age range is very specific.  However, the application of force is not specific; it's just force.

So the reason that we have a base offense level 30 is because, as indicated in the Guidelines, the crime includes conduct under 2241 or the other section, which essentially means force.  So that's why you go from a 24 under 2G1.3 to a 30, because force applies.  If you then apply a plus-4 because the defendant used force, you're counting force -- the issue of force twice.

THE COURT:  Perhaps.  2241(c), though, is addressing use of force by -- it also involves crossing state lines, etc., and the use of force.

Anyway, government have any response?

MS. CAIN:  No, your Honor.  We think that Probation properly calculated this.

THE COURT:  Well, I do as well.  And I suppose had this been raised, God, nearly a month ago when you submitted your written papers, it would have given all concerned a bit

1    more opportunity to more carefully reflect.  But at this point

2    I'm going to overrule your objection.

3         Now, do you wish to object -- object to or comment on the

4    4-level enhancement for abduction?

5              MR. SOLIS:  No.  I'm going to submit on that.

6              THE COURT:  Okay.  All right then.

7         Probation made a recommendation, sentencing recommendation

8    of 30 years, followed by lifetime supervised release, a $500

9    special assessment, and a fine of $5,000 per count or $25,000.

10        The government's sentencing recommendation was 45 years in

11   custody plus a lifetime of supervised release, $500 special

12   assessment, and restitution, and in this case we're talking

13   about therapy treatment for the victims to be determined at a

14   later date.  And tentatively we have selected June 6th of 2016,

15   1:30 in the afternoon for a hearing on restitution.

16        Now, if the government has not yet marshalled all of the

17   evidence necessary for us to go forward on that date, please

18   let us know.  All right?

19             MS. CAIN:  Yes, your Honor.

20             THE COURT:  And you don't have to fly out here.

21        All right.  So we have the recommendations of Probation,

22   the government.  The defendant has not made a specific

23   recommendation with respect to sentencing, but would simply

24   like the Court to impose a sentence less than the

25   recommendation submitted by Probation.  I will tell you where

```
 1    the Court is tentatively and certainly I will hear from the

 2    parties.

 3         I assume there are no victims here, correct?

 4              MS. CAIN:  That is correct, your Honor.

 5              THE COURT:  All right.  It is the Court's tentative

 6    to impose the maximum sentence per count to run consecutively

 7    for a total term of imprisonment of 150 years.  With that being

 8    said, I'll hear from the government first.

 9              MS. CAIN:  Your Honor, the United States certainly

10    defers to this Court and your assessment of the 3553(a)

11    factors, which we have laid out in our brief.  In supporting

12    such a sentence, it is important to note that this defendant

13    stands before this Court as an educated man who had a family

14    who was also educated and a comfortable upbringing.  Despite

15    these blessings in life which so many people before your Honor

16    were not given, this defendant chose a path of terror and rape

17    of multiple sixth grade school girls.

18         You sat through this trial and you saw the devastation

19    that this defendant placed on these young girls' lives at

20    critical points in their development when they're in the sixth

21    grade, ages 12 and 13 years old.

22         Your Honor heard about the threats that he imposed,

23    threats to kill them, threats to kill their family.  He held a

24    knife up to Tatyana in the presence of Rihan and Valya.  He

25    orchestrated a gang rape of three girls.  He was able to
```

1    recruit two other men to gang rape three young girls merely

2    walking to the grocery store.  That is the path that this man

3    chose.

4        He managed to control these girls physically and mentally.

5    After raping the girls for the first time, he then had the

6    girls so terrified that he could get them to come to his place

7    for additional sexual abuse.  They did not tell their parents,

8    they did not tell their teachers for years because they were

9    terrified of what he would do.

10       This defendant has shown no remorse, none.  Your Honor,

11   you read the victim impact statements.  You saw the girls cry.

12   You saw their pain.  You saw their anger.  You saw their

13   downright terror as they stepped into the courtroom during that

14   trial.  And we believe that the Section 3553 factors support a

15   sentence which would be the equivalent of a life sentence for

16   this defendant.

17       So we recommended 45 years, your Honor, because we viewed

18   that as essentially a life sentence on him, but we also

19   believe, your Honor, that a sentence higher than that can be

20   sustained under Section 3553 and clearly under the Guidelines.

21   Thank you.

22            THE COURT:  All right.  Thank you, counsel.

23       Let me -- let me make it clear what my thinking is.  I

24   have read the victim impact statements, the letters from the

25   girls who are undergoing treatment, who even to this day are

 1    attempting to cope with the aftermath of the trauma visited

 2    upon them by the defendant.  Each of these girls fears that the

 3    defendant may one day be released from custody and will seek

 4    his revenge upon each of them.  I think this contributes to

 5    their ongoing trauma and may interfere with their ability to

 6    come to grips with what happened to them and be able to put it

 7    behind them so that they can move on and continue to live

 8    something of a normal life and perhaps even be able to have a

 9    normal male/female relationship in the future.

10         While the Court agrees that given this defendant's age and

11    medical condition that a sentence of 35, 40 years probably is a

12    life sentence, but what the Court wants to communicate

13    primarily to the victims in this case is that there is

14    literally no possibility that this defendant will be in a

15    position to ever come after them again.  The purpose of this

16    specific sentence is to demonstrate to them that they are now

17    safe from him.

18         One of the things that is not shown in the record, one of

19    the things that certainly the Court of Appeal will never be

20    able to see or fully appreciate was what we all saw during the

21    course of the trial when one of the victims walked through that

22    back door and looked over and saw the defendant and let out a

23    blood-curdling scream and collapsed to the floor, and despite

24    being restrained, crawled on her hands and knees out of the

25    courtroom out in the corridor where she continued to howl like

1  a wounded animal.  This could not have an been contrived, this

2  could not have been staged.  This was simply sheer terror of

3  what this man had done to her.

4       So that she and the other victims can feel safe, the

5  Court's tentative sentence is designed to communicate that

6  message so as to help them with their healing process.

7       All right.  With that said, Mr. Solis.

8            MR. SOLIS:  Your Honor, in light of the Court's

9  tentative, the original defense position which was that in

10  light of the government's recommended sentence of 30 years

11  and -- I'm sorry -- 45 years and the Probation recommendation

12  of 30 years, the defense had suggested that a sentence lower

13  than that recommended by Probation was sufficient, but not

14  greater than necessary, to achieve all the goals of sentencing,

15  and the defense stands by that position.

16       I do understand that the Court's tentative ruling embraces

17  the concept that Mr. Abramov's incapacitation is the only thing

18  that seems to keep the victims safe.  I disagree with that.  I

19  think that a substantially lower sentence than even the

20  30 years will, in addition to supervised release term, which,

21  by the way, controls his travel.  The victims live in a foreign

22  country.  So even a lower sentence than the 30 years,

23  considering that Mr. Abramov, even with a 10-year sentence and

24  a life term of supervision, would be in criminal justice

25  supervision for the foreseeable future such that all of his

1    actions are monitored and controlled and supervised.  He

2    wouldn't have a passport to travel, unless they came here.  I

3    think that even a much lower sentence can achieve the goal of

4    keeping the victims safe, keeping Mr. Abramov from committing

5    another crime.

6          So I understand the Court's tentative and the goals it is

7    trying to achieve, but in light of the fact of Mr. Abramov's

8    age, his physical and medical infirmity, the fact that he will

9    likely be under criminal justice supervision the rest of his

10   life, a much shorter custodial sentence would still achieve all

11   those goals, and I urge the Court to fashion a shorter sentence

12   than a life term.

13         THE COURT:  All right.  Thank you.

14         I should also add -- and I grappled with this for months.

15   I've grappled with what sentence I would impose had there only

16   been one victim and only 30 days of abuse, or a single abuse of

17   a 12-year-old child.  All right.  I will say this:  I think

18   that an act this savage upon essentially just a kid would

19   motivate me to impose a statutory maximum sentence in each and

20   every case for each and every act of savagery upon a child.

21         With that said, you, sir, have a statutory right to

22   address the Court on the issue of your sentence, if you wish.

23   You are not required to do so.

24         THE DEFENDANT (in English):  I will respect

25   everything, your Honor.  I respect everything.

1          MR. LEVINE:  That's all Mr. Abramov wishes to say.

2          MR. SOLIS:  Your Honor, he does not wish to make a

3    statement.

4          THE COURT:  Oh, all right.

5      Having considered -- well, does any counsel wish to add

6    anything further?

7          MS. CAIN:  No, your Honor.

8          MR. SOLIS:  No, your Honor.

9          THE COURT:  Having considered the sentencing factors

10   enumerated at 18 U.S.C. Section 3553(a), including the advisory

11   guidelines range of 150 years based upon an offense level of 49

12   and a Criminal History Category of I, with the statutory

13   maximum sentence of 150 years, it is ordered that the defendant

14   shall pay to the United States a special assessment of $500

15   which is due immediately.  Any unpaid balance shall be due

16   during the period of imprisonment at the rate of not less than

17   $25 per quarter and pursuant to the Bureau of Prisons' Inmate

18   Financial Responsibility Program.

19     It is ordered that the defendant shall pay restitution

20   pursuant to the -- correction -- restitution to the victims of

21   the offense pursuant to Title 18 United States Code

22   Section 3664(d)(5), and a final determination of the victims'

23   losses and future expenses will be ordered at the deferred

24   restitution hearing currently set for June 6, 2016, at

25   1:30 P.M. in this courtroom, and an amended judgment will be

1  entered after such determination.

2      It is ordered that the defendant shall pay to the United

3  States a total fine of $25,000 consisting of $5,000 per count

4  on each of Counts 1 through 5.  The total fine shall bear

5  interest as provided by law and the fine shall be paid in full

6  immediately.

7      Defendant shall comply with General Order 01-05.

8      Pursuant to the Sentencing Reform Act of 1984, it is the

9  judgment of this Court that Yusef Yunosovich Abramov is hereby

10  committed on Count 1 through 5 of the indictment to the custody

11  of the Bureau of Prisons for a term of 150 years.  This term

12  consists of 30 years on each of Counts 1 through 5 of the

13  indictment to be served consecutively.

14      This is just in an exercise of caution:  Upon release from

15  imprisonment, defendant shall be placed on supervised release

16  for a term of life.  This term consists of life on each of

17  Counts 1 through 5 of the indictment, all such terms to run

18  concurrently under the following terms and conditions:

19      1.  Defendant shall comply with the rules and regulations

20  of the United States Probation Office and General Order 05-02

21  and General Order 01-05, including the three special conditions

22  delineated in General Order 01-05.

23      2.  During the period of community supervision, the

24  defendant shall pay the special assessment, the fine, and

25  restitution in accordance with this judgment's orders

pertaining to such payment.

3. Defendant shall cooperate in the collection of a DNA sample from himself.

4. Defendant shall apply all moneys received from income tax refunds to the outstanding court-ordered financial obligation.  In addition, defendant shall apply all moneys received from lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

5. Defendant shall register as a sex offender and keep the registration current in each jurisdiction where he resides, where he is an employee, and where he is a student to the extent the registration procedures have been established in each jurisdiction.

When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from his jurisdiction of residence.

The defendant shall provide proof of registration to the Probation Officer within three days of release from imprisonment.

6. Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program as approved and directed by the Probation Officer.

Defendant shall abide by all rules, requirements, and conditions of such program, and the Probation Officer is

authorized to disclose the Presentence Report and any previous

mental health evaluations or reports to the treatment provider.

7.  As directed by the Probation Officer, the defendant

shall pay all or part of the cost of treating his psychological

or psychiatric disorder to the aftercare contractor during the

period of community supervision pursuant to 18 U.S.C.

Section 3672.

The defendant shall provide payment and proof of payment

as directed by the Probation Officer.

8.  Defendant shall not view or possess any materials,

including pictures, photographs, books, writings, drawings,

videos, or video games depicting and/or describing child

pornography as defined in 18 U.S.C. Section 2256(8), or

sexually explicit conduct as defined in 18 U.S.C.

Section 2256(2).  This condition does not prohibit the

defendant from possessing materials solely because they are

necessary to and used for a collateral attack, nor does it

prohibit him from possessing materials prepared and used for

the purposes of his court-mandated sex offender treatment when

the defendant's treatment provider or the Probation Officer has

approved of his possession of the materials in advance.

9.  The defendant shall not contact the victims by any

means including in person, by mail or electronic means, or via

third parties.  Further, the defendant shall remain at least

100 yards from the victims at all times.  If any contact

occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

10.  Defendant shall not frequent or loiter within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

11.  The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 except:

(a) in the presence of the parent or legal guardian of said minor, and

(b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense.

This provision does not encompass persons under the age of 18 such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact -- or with whom the defendant must interact in order to obtain ordinary and usual commercial services.

12.  Defendant shall not affiliate with, own, control, volunteer to be employed in any capacity by a business or organization that causes him to have regular contact with persons under the age of 18.

13.  Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or

describing sexually explicit conduct as defined in 18 U.S.C. Section 2256(2).

14.  The defendant's employment shall be approved by the Probation Officer and any change in employment must be preapproved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduling -- scheduled change.

15.  Defendant shall submit his person and any property, house, residence, vehicle, papers, computer or other electronic communication or data storage devices or media, as well as his effects to search at any time with or without a warrant by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or other unlawful conduct by the defendant.  Also entitled to conduct such a search is any Probation Officer in the lawful discharge of that officer's supervision function.

The drug testing condition mandated by statute is suspended based upon the Court's determination that the defendant poses a low risk of future drug use.

Pursuant to 18 U.S.C. Section 3553(a), the Court is required to fashion a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 3553(a)(2).  In doing so, the Court is required to, and indeed has, considered the nature and circumstances of the offense.

1        The Court has recognized the history and characteristics

2    of this particular defendant, recognized the need for the

3    sentence imposed to reflect the seriousness of the offense,

4    that it should promote respect for the law, provide just

5    punishment for the offense, afford adequate deterrence to

6    future criminal conduct, protect the public from further crimes

7    of the defendant, and provide the defendant with needed

8    correctional treatment in the most effective manner.

9        The Court has evaluated the various kinds of sentences

10   available and the Guidelines sentencing range.

11       This defendant was convicted by a jury of five counts --

12   actually six counts of engaging in sexual conduct in foreign

13   places.  He traveled from Los Angeles to Russia, arranging and

14   engaging in sex with girls under the age of 16.  As found by

15   the jury, he knowingly used force, threatened or placed the

16   victims in fear that some person would be killed or hurt in

17   order to cause these girls to have sex.  The seriousness of the

18   offenses is self-evident and reflected in the Guidelines range

19   of 150 years.

20       He forcibly engaged in sex with the young girls utilizing

21   planning and concealment.  He targeted and cultivated his

22   victims, later threatening them and forcing himself upon them.

23   This defendant was the ultimate predator.

24       The victims have each written to the Court of having

25   suffered and continuing to suffer psychological harm.  This

1   harm could very likely haunt these now young women for the rest

2   of their lives.  One of the things that was noted by the

3   Probation Officer is that the magnitude of this conduct is so

4   egregious that a normally moderately serious crime, that is,

5   the alleged $2 million of structured transactions, is a mere

6   side note.

7        Pursuant to U.S. Sentencing Guidelines Section 5G1.1(a),

8   where the statutorily authorized maximum sentence is less than

9   the minimum sentence of the applicable Guidelines range, the

10  statutorily authorized maximum sentence shall be the Guideline

11  sentence.

12       In this case, the minimum Guideline sentence is life and

13  each count of conviction carries a maximum sentence of 30 years

14  for a total maximum sentence of 150 years of imprisonment,

15  which is below the minimum sentence of life authorized by the

16  Guidelines.

17       This gentleman's history and characteristics have been

18  considered by the Court; however, the predatory nature of his

19  actions weighs heavily as a characteristic.  His family

20  background and education have been confirmed and contain truly

21  interesting elements, but along the line the story gets

22  muddled, suffering from inconsistencies and gaps.

23       All right.  I must advise you, you have the right to

24  appeal your conviction and your sentence.  With few exceptions,

25  a notice of appeal must be filed within 14 days of judgment

1    being entered.

2         Do you understand that, sir?

3              MR. LEVINE:  He does, your Honor.  We're filing the

4    notice today.

5              THE COURT:  If you are unable to afford a transcript

6    of the record in this case, one will be provided at government

7    expense.

8         If you are unable to pay the cost of an appeal or the

9    filing fee, you may apply within 14 days for a waiver.

10        If you do not have an attorney to act on your behalf, and

11   if you request it, the Clerk of the Court will file a notice of

12   appeal on your behalf.  But again, you must make the request

13   within 14 days.

14        The notice of appeal must designate the judgment or order

15   appealed from and the fact that you are appealing to the Court

16   of Appeals.  It should also designate that portion of the

17   proceedings not already on file that you deem necessary for the

18   reporter to include.

19        Also in its consideration, the Court has evaluated the

20   Sentencing Guidelines as required by Title 18 United States

21   Code Section 3553(a)(4), and finds the calculations of

22   suggested sentence therein for this defendant under the present

23   circumstances to be reasonable.

24        The Court, therefore, sentences the defendant as

25   previously stated.

1    You'll remain in the custody of the United States Marshal

2    for ultimate delivery to the director of the Bureau of Prisons

3    to begin serving your sentence.

4        Anything further from the government?

5            MS. CAIN:  No, your Honor.

6            THE COURT:  From the defense?

7            MR. SOLIS:  Yes, your Honor.  We'd like to make a

8    request that the Court recommend that Mr. Abramov be designated

9    close to Southern California -- his family in Southern

10   California.

11           THE COURT:  That'll be the recommendation.

12           MR. SOLIS:  And secondly, your Honor, in light of

13   the fact that we set a June 6th date for restitution hearing, I

14   ask that the Court order that he remain at MDC until that date

15   because that might facilitate a stipulation for restitution

16   which would obviate the June 6th hearing.  I've discussed the

17   restitution issue with the government and it appears that a

18   stipulation might be in the offing.  And if we can accomplish

19   that, it would likely obviate a hearing.  If Mr. Abramov is not

20   designated in some faraway place, it will -- they can

21   facilitate that.  Otherwise, he does have a right to be present

22   at the hearing.  He'd have to get writted back here in any

23   event.

24           THE COURT:  No, what I was thinking of is the

25   likelihood of a Terminal Island placement because of his

```
 1   medical condition, which wouldn't impose a problem in terms of
 2   transporting him from San Pedro.  But that doesn't have to
 3   happen and he could end up anywhere, and I'll make the
 4   recommendation.
 5             MR. SOLIS:  And of course, your Honor, if he were --
 6   if the Court were to make a recommendation that he be -- or he
 7   be designated to Terminal Island, that would obviate the need
 8   to have him at MDC because he would be sufficiently close for
 9   us to visit him there.
10             THE COURT:  I think it's also designated as a
11   medical facility, in any event.  We'll give it a shot.  They
12   don't listen to me, but what the hell.  But I know who does
13   listen to me.
14        Deputies, he's yours.
15             THE COURTROOM DEPUTY:  This Court is in recess.
16             (Proceedings concluded at 12:30 p.m.)
17
18
19
20
21
22
23
24
25
```

```
1                    CERTIFICATE OF OFFICIAL REPORTER

2

3

4

5    I, DEBRA READ, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND

6    FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

7    OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

8    TITLE 28, UNITED STATES CODE, THAT THE FOREGOING IS A TRUE AND

9    CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS

10   HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE

11   FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL

12   CONFERENCE OF THE UNITED STATES.

13

14         DATED THIS 14TH DAY OF MARCH, 2016._____

15

16

17         /S/ DEBRA READ
     _____
18   DEBRA READ, CSR NO. 3949 CRR RMR RDR
     FEDERAL OFFICIAL COURT REPORTER
19

20

21

22

23

24

25
```