O

# United States District Court
# Central District of California

YUZEF YUNOSOVICH ABRAMOV,

　　　　　　　　Petitioner,

v.

UNITED STATES OF AMERICA,

　　　　　　　　Respondent.

Civil Case No. 2:20-cv-09173-ODW

Crim. Case No. 2:14-cr-00241-ODW

**ORDER DENYING MOTION TO DISMISS [CVDE-35]**

## I.　　INTRODUCTION

A jury convicted Yuzef Yunosovich Abramov of five counts of engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c). (Verdict, CRDE-103.)  Abramov unsuccessfully sought relief on direct appeal, at the Supreme Court, and from this Court under 28 U.S.C. § 2255.  Then, the Ninth Circuit reversed the Court's § 2255 denial and vacated Abramov's convictions based on ineffective assistance of appellate counsel, due to counsel's failure to have raised a claim of instructional error based on *United States v. Pepe*, 895 F.3d 679 (9th Cir. 2018).  The Ninth Circuit remanded the case, returning it to this Court in a pretrial posture. Abramov now moves to dismiss based on (i) speedy trial violations, and (ii) defective indictment and grand jury misinstruction, in light of *Pepe*.  (Mot. Dismiss, CVDE-35.) For the reasons that follow, the Court **DENIES** the Motion.

## II.      BACKGROUND

On October 30, 2015, a jury convicted Abramov of five counts of violating 18 U.S.C. § 2423(c) (engaging in illicit sexual conduct in foreign places), and one count of violating 18 U.S.C. § 2423(b) (traveling with intent to engage in illicit sexual conduct).  (Verdict.)  The Court granted the defense motion for acquittal on the § 2423(b) count due to insufficient evidence to show that Abramov traveled for the predominant purpose of engaging in illicit sexual conduct.  (Mins. Trial, CRDE-97; J., CRDE-134.)  The Court sentenced Abramov to the maximum of 150 years, consisting of 30 years each on counts 1–5 to be served consecutively, followed by a lifetime of supervised release.  (J.)  Abramov appealed.  (Notice Appeal, CRDE-135.)

**A.      Direct Appeal**

As it read during Abramov's conduct, § 2423(c) applied to a U.S. citizen "who travels in foreign commerce, and engages in any illicit sexual conduct."  18 U.S.C. § 2423(c) (2006).  Abramov argued, both before trial and on direct appeal, that the statute did not apply to his conduct because he resided in Russia and therefore was not "traveling" within the meaning of the statute.  (Pretrial Mot. Dismiss 2, CRDE-27); *United States v. Abramov*, 741 F. App'x 531, 532 (9th Cir. 2018) ("*Abramov I*"), *cert. denied*, 589 U.S. 976 (2019).  Precedent had previously foreclosed this argument.  *See Abramov v. United States*, No. 22-56057, 2025 WL 1779782, at *1 (9th Cir. June 27, 2025) ("*Abramov II*") (citing *United States v. Clark*, 435 F.3d 1100, 1107–08 (9th Cir. 2006)).  But while Abramov's direct appeal was pending, the Ninth Circuit in *Pepe* adopted a different interpretation of the term "travels" in § 2423(c).  *Id.*

In *Pepe*, the Ninth Circuit considered Congress's 2013 amendment to § 2423(c).  895 F.3d at 682.  The amendment expanded the statute to apply "to a U.S. citizen 'who travels in foreign commerce *or resides, either temporarily or permanently, in a foreign country*, and engages in any illicit sexual conduct with another person.'"  *Id.* (quoting 18 U.S.C. § 2423(c) (2013)).  The court noted that "[t]he offense has always contained two elements: travel in foreign commerce, and the commission of illicit

sexual conduct." *Id.* at 686. "The amendment concerned the first element, which can now be satisfied in two ways": (1) by traveling in foreign commerce, or (2) by residing in a foreign country. *Id.* In light of the statutory amendment, the court concluded that § 2423(c) was "previously inapplicable to U.S. citizens living abroad unless they were traveling—meaning something more than being in transit—when they had illicit sex." *Id.* at 682, 691–92.

After receiving supplemental briefing on the effect of *Pepe* in Abramov's direct appeal, on November 7, 2018, the Ninth Circuit affirmed Abramov's convictions. *Abramov I*, 741 F. App'x at 532–33. The court found that Abramov's appellate counsel did not raise, and thus forfeited, any claim of instructional error based on *Pepe*. *Id.* at 532 n.2. The Supreme Court subsequently denied Abramov's petition for review. *Abramov v. United States*, 589 U.S. 976 (2019) (Mem.).

**B.      Post-Conviction Relief and Appeal**

Abramov subsequently sought post-conviction relief under 28 U.S.C. § 2255, arguing again that he was a resident of Russia and thus was not engaged in "travel" at the time of the offenses, as now interpreted by *Pepe*. (Mot. Vacate 1–3, CRDE-172-2.) Based on that premise, he asserted claims of error due to insufficient evidence, ineffective assistance of counsel, and faulty jury instructions. (*Id.*) The Court denied Abramov's § 2255 motion. (Order Den. Mot. Vacate 13, CRDE-196.) The Court found that Abramov's claim of insufficient evidence had already been adjudicated on direct appeal and the evidence was sufficient to support the verdict. (*Id.* at 3–4.) The Court also found that Abramov's instructional claim was waived and meritless because the jury instructions tracked the elements of § 2423(c), which do not require a finding regarding a defendant's residency. (*Id.* at 4–6.) Finally, the Court found Abramov's claim of ineffective assistance of counsel "largely speculative." (*Id.* at 6–13.) The Court denied a certificate of appealability. (Order Den. COA, CRDE-198.)

Abramov appealed, and the Ninth Circuit granted a certificate of appealability solely on the narrow issue of whether "Abramov received ineffective assistance of appellate counsel on direct appeal." *Abramov II*, 2025 WL 1779782, at *1. The court first found that Abramov's appellate representation was ineffective because counsel failed to raise an instructional error argument in light of *Pepe*'s revised interpretation of "travel" in the pre-amendment § 2423(c). *Id.* The court further found that the error was not harmless because, although there "was substantial evidence from which a reasonable jury could have found that Abramov was in fact travel[]ing when he committed the charged offenses," there was also evidence that Abramov lived in Russia and was not "traveling." *Id.* at *2. Thus, the Ninth Circuit vacated the convictions and remanded to this Court for further proceedings. *Id.*

## C.    Post-Remand Proceedings

On August 19, 2025, the Ninth Circuit issued the mandate. (Mandate, CRDE-203.) On November 13, 2025, Abramov filed the instant Motion, seeking dismissal (i) based on violations of the Speedy Trial Act and the Sixth Amendment's Speedy Trial Clause; and (ii) in light of *Pepe*, arguing the indictment is defective and the grand jury was misinstructed. (Mot. Dismiss 1–2.)

At the hearing on the Motion, on the issue of the Speedy Trial Act, the Court found that the high complexity of the case and victims and witnesses being located in Russia made it impractical to have proceeded to trial within 70 days following the mandate. The Court thus noted that an extension of the default period, from 70 days to 180 days, was warranted. 18 U.S.C. § 3161(e). The Court took the Motion under submission.

Subsequently, on March 4, 2026, the Court granted the government's motion to exclude time from the speedy trial calculation for the period from September 11, 2025, through September 10, 2026. (Order Grant Mot. Exclude Time, CRDE-211.) The Court found this period excludable under 18 U.S.C. § 3161(h)(8), in light of the government's pending Mutual Legal Assistance Treaty ("MLAT") request to Russia

for assistance in locating and communicating with victims and witnesses who testified at Abramov's first trial.  (*Id.*)

### III.    LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Courts may grant a pretrial motion to dismiss an indictment when it seeks to resolve questions of law, not fact.  *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).  "On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

### IV.    DISCUSSION

Abramov argues the Court should dismiss this case because any retrial at this time would violate the Speedy Trial Act and the Sixth Amendment's Speedy Trial Clause.  (Mot. Dismiss 9–13.)  Abramov also contends dismissal is warranted because the indictment was defective and the grand jury was misinstructed, as neither included the "now-essential element" from *Pepe* that Abramov was not a resident of Russia.  (*Id.* at 13–15.)  Finally, Abramov argues the Court should dismiss based on equitable discretion, and dismissal should be with prejudice.  (*Id.* at 15–21.)

### A.    Speedy Trial Act & Sixth Amendment Speedy Trial Clause

Abramov moves to dismiss the case for violation of the Speedy Trial Act, 18 U.S.C. § 3161, and his Sixth Amendment right to a speedy trial.  (*Id.* at 9–13.)  The Court has excluded time for purposes of the Speedy Trial Act through September 10, 2026 (or earlier, depending on Russia's response to the MLAT request).  (Order Grant Mot. Exclude Time.)  Thus, there is no Speedy Trial Act violation.

Further, the Sixth Amendment affords lesser protection to a defendant's speedy trial rights than does the Speedy Trial Act, as the Constitution "does not set a specific time period within which a trial must occur."  *United States v. Baker*, 63 F.3d 1478,

1497 (9th Cir. 1995); *United States v. Allen*, 159 F.4th 625, 630 n.5 (9th Cir. 2025). Thus, the lack of a Speedy Trial Act violation "raises a strong presumption of compliance with the Constitution." *Baker*, 63 F.3d at 1497. Accordingly, the Court denies the Motion on these bases.

## B. Defective Indictment & Grand Jury Instructions

Abramov next moves to dismiss the case on the grounds that the indictment was defective and the grand jury misinstructed. (Mot. Dismiss 13–15.) According to Abramov, *Pepe* requires the additional implied element that the defendant was not a resident of the foreign country where the offense occurred, which was neither charged in the indictment nor presented to the grand jury. (*Id.*) The government responds that (1) the law of the case forecloses Abramov's challenge, and (2) in any event, Abramov's challenge fails on the merits because *Pepe* requires "travel," not residency. (Opp'n Mot. Dismiss ("Opp'n") 15–19, CVDE-38.)

### 1. Law of the Case

The government first argues that the Ninth Circuit considered the effect of *Pepe* on the indictment on Abramov's direct appeal and rejected the same argument he now raises, so the Court is precluded from reexamining the issue here. (*Id.* at 15–16.)

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *Id.* (alteration in original) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)). "A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine." *Id.* at 500 (quoting *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)). Thus, the "law in this circuit is clear that when a matter has been decided

adversely on appeal from a conviction, it cannot be litigated again" on collateral attack. *Odom*, 455 F.2d at 160.

In his May 2015 pretrial motion to dismiss, Abramov asserted the indictment was defective because it failed to allege that he lived and was domiciled in Russia, not the United States, at the time of the offenses. (Pretrial Mot. Dismiss 2.) Abramov argued § 2423(c) thus did not apply to him because he lived in Russia and was not "traveling" there. (*Id.*) He specifically argued, consistent with what *Pepe* would later hold, that the 2013 amendment to the statute changed how the term "travels" should be interpreted, thereby excluding U.S. citizens living abroad, like Abramov, from the pre-2013 version. (*Id.* at 2–7, 12–13.) The Court denied Abramov's pretrial motion to dismiss. (Mins. Hr'g, CRDE-39.)

On direct appeal, Abramov argued that the Court erred in denying his pretrial motion to dismiss. *Abramov I*, 741 F. App'x at 532. He maintained that § 2423(c) did not apply to him because he resided and was domiciled in Russia and thus was not "traveling" at the time of the offenses. *Id.* The Ninth Circuit reviewed the Court's denial *de novo*, with the benefit of supplemental briefing addressing *Pepe*. *Id.*; *Abramov II*, 2025 WL 1779782, at *1 (noting supplemental briefing). The court affirmed, thereby rejecting Abramov's argument that the Court erred when it denied his pretrial motion to dismiss the indictment for failure to allege his residency. *Abramov I*, 741 F. App'x at 532. That holding is the law of the case.

Now, Abramov again advances the same argument. (Mot. Dismiss 13–15.) He contends that *Pepe*'s interpretation of "travels" established non-residency in the foreign country as a necessary element. (*Id.* at 14.) Thus, he again argues that the indictment is defective because it fails to allege that he did not reside in Russia when he traveled there. (*Id.* at 13–15.) As this issue was decided adversely on direct appeal, the Ninth Circuit's holding is the law of the case, and it cannot be litigated again now. *Odom*, 455 F.2d at 160.

Nevertheless, Abramov argues the argument here is different because *Pepe* had not been decided when he moved pretrial to dismiss the indictment. (Reply ISO Mot. Dismiss ("Reply") 11–12, CVDE-39.) However, although Abramov argued both pretrial and on direct appeal that the indictment was defective because it failed to allege he <u>was</u> a resident of Russia, and he argues now that the indictment is defective because it fails to allege he was <u>not</u> a resident of Russia, the "issues presented [then and now] are essentially the same." *Jingles*, 702 F.3d at 499. Abramov challenges the indictment for not alleging his residency. The Ninth Circuit rejected his argument on direct appeal, *Abramov I*, 741 F. App'x at 532, and its holding precludes the Court from reexamining the issue, *Jingles*, 702 F.3d at 499–500.[1]

2.      *"Travel" or "Residency"*

Even were the matter not the law of the case, Abramov's challenge to the indictment and grand jury instructions would fail on the merits because the essential element to a violation of § 2423(c) remains "travel," not "residency."

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (alteration in original) (quoting *United States v. Bailey*, 444 U.S. 394, 414 (1980)). "In cases where the indictment 'tracks the words of the statute charging the offense,' the indictment will be held sufficient 'so long as the words unambiguously set forth all elements necessary to constitute the offense.'" *Id.* (quoting *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir. 1989)). Although an "indictment that tracks the words of the statute violated is generally sufficient," it must still include any "implied,

---

[1] Abramov does not argue that any exceptions to the law of the case doctrine apply, (*see generally* Reply), and the Court does not find that they would, *see Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 789 n.18 (9th Cir. 2025) (listing exceptions).

necessary elements, not present in the statutory language." *United States v. Jackson*, 72 F.3d 1370, 1380 (9th Cir. 1995).

As it read during Abramov's conduct, § 2423(c) made it a crime for a U.S. citizen to "travel[] in foreign commerce, and engage[] in any illicit sexual conduct." 18 U.S.C. § 2423(c) (2006). The indictment alleged, for each § 2423(c) count, that Abramov was "a United States citizen" and "knowingly traveled in foreign commerce from the United States to Russia and engaged in illicit sexual conduct with a girl who was under 18 years of age at the time." (Indictment 1, 3, 4, 5, 6, CRDE-9.) The indictment tracks the statute and "unambiguously set[s] forth all elements necessary" to the offense. *Davis*, 336 F.3d at 922. Thus, the indictment is sufficient to inform Abramov of the charge and enable him to defend against it. *Id.*

Still, Abramov argues that *Pepe* created a new necessary implied element: the defendant's residency (or "non-residency"). (Mot. Dismiss 2, 13–14.) Not so. The court in *Pepe* confirmed that the "offense has always contained two elements: travel in foreign commerce, and the commission of illicit sexual conduct." 895 F.3d at 686. The 2013 amendment modified the first element, expanding "travel" to also include foreign residency. *Id.* The court clarified, in light of the amendment, that the pre-2013 version of § 2423(c) was thus "inapplicable to U.S. citizens living abroad *unless they were traveling—meaning something more than being in transit—when they had illicit sex*." *Id.* at 682 (emphasis added). Therefore, *Pepe* modified the interpretation of the statute's "travel" element; it did not add an element of residency. All the courts in the Ninth Circuit to addressed the issue have concluded similarly. *See United States v. Lindsay*, 931 F.3d 852, 860–61 (9th Cir. 2019) (concluding, under *Pepe*, that § 2423(c) "proscribes illicit sexual conduct *while* traveling, where traveling is broader than transit and encompasses the entire trip or tour"); *United States v. Johnson*, 823 F. App'x 485, 488–89 (9th Cir. 2020) (finding sufficient evidence to sustain a § 2423(c) conviction under *Pepe* where evidence established "that Johnson was in fact traveling when the illicit sexual acts occurred"); *see also Pepe*, 895 F.3d

at 691 ("[A] conviction under § 2423(c), when based on a defendant's travel in foreign commerce, requires proof that the illicit sexual conduct occurred while the defendant was traveling.").

Accordingly, the indictment is not defective.  As Abramov premises his grand jury arguments on the same faulty grounds (i.e., requiring instruction on implied element of residency), (Mot. Dismiss 14–15), those arguments similarly fail.

## C.    Equitable Discretion

Finally, Abramov asks the Court to exercise its equitable discretion to dismiss this case.  (*Id.* at 15–21.)  Abramov argues he is legally innocent and points to evidence indicating that he was a resident of Russia at the time of the offenses charged in the indictment.  (*Id.*)  But the evidence at trial was equally sufficient to support the conclusion that Abramov resided in the United States and was traveling to Russia at the time of the offenses.  Abramov also maintains his claim of factual innocence, offering evidence and declaration testimony in support.  (*Id.*)  Again, the evidence at trial was equally sufficient to support the conclusion of factual guilt.  Weighing the evidence and credibility of witnesses is the province of the jury, and the egregiousness of the offenses and the seriousness of the issues in this matter support resolution by the trier of fact at trial.  The Court declines to exercise its discretion to dismiss the case.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Abramov's Motion to Dismiss.  (CVDE-35.)

**IT IS SO ORDERED.**

March 20, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**